Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-10-00276-CR

Jessica **BEECHUM**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 1, Bexar County, Texas
Trial Court No. 309989
Honorable Al Alonso, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:      Catherine Stone, Chief Justice
              Phylis J. Speedlin, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  February 2, 2011

AFFIRMED

Jessica Beechum was charged with possession of marijuana.  Beechum filed a motion to suppress, challenging her arrest and the seizure of the marijuana.  After a hearing, the trial court denied the motion to suppress.  Beechum subsequently entered a plea of guilty pursuant to a plea bargain, which the court followed.  Beechum appeals, complaining the trial court erred in denying her motion to suppress.  We affirm.

## BACKGROUND

San Antonio Police Officer Eric Rubio testified that on November 25, 2009, he was on patrol when he was flagged down by two individuals who identified themselves as Bexar County Juvenile Probation Officers. Officer Rubio testified one of the officers handed him a bag of marihuana, which the probation officer stated he had obtained from Beechum.[1] The probation officers told him they were going to a residence for a probation check and noticed a car with three people inside parked in front of the residence. They parked behind the car and when they got out to approach the residence, they saw smoke and smelled marihuana coming from inside the car. As they approached the car, one of the probation officers saw Beechum holding a bag of marihuana. Officer Rubio testified the probation officer saw the bag of marihuana in "plain view." The probation officer told Officer Rubio that he asked Beechum about the marihuana, and she responded by handing the bag to him. Officer Rubio testified that after taking custody of the marihuana, he went to the car where Beechum was still sitting in the front passenger seat and arrested her.

Beechum testified she was sitting in a car with two other people when a vehicle parked behind them and used spotlights to illuminate them. She told the court that one of the people in the car was smoking a cigar, which contained only tobacco. She testified that two men in black uniforms, who she believed were police officers, walked up to the car. One of them opened the car door, shined a flashlight inside, and told her to give him what she had in her hand. Beechum testified that she had her cell phone in her hand, that she showed it to the officer, but refused to give it to him. Beechum testified the officer told her several more times to give him what was in her hand, and she finally gave him the bag of marihuana she had hidden between her legs.

---

[1]Neither of the probation officers testified at trial. The State's only witness was Officer Rubio, who related what he had been told by the probation officers.

Beechum testified the bag of marihuana was not in plain sight and the officer could not have seen it.

The trial court denied the motion to suppress and entered written findings of fact and conclusions of law. The court found: the probation officer saw the marihuana in plain view; he immediately recognized the substance as marihuana; Beechum handed the marihuana to the probation officer when asked about it; the "search" took place before any detention; Officer Rubio's testimony was credible; and Beechum's testimony was not credible. The court concluded that "having drugs in plain view next to the dwelling of a juvenile on probation is in fact a breach of the peace," Beechum was not detained by the probation officers, and Officer Rubio had probable cause to arrest Beechum, and lawfully arrested her for possession of marihuana.

In a single point of error, Beechum asserts the trial court erred in denying the motion to suppress the marihuana because it "was seized without a warrant and in violation of the Fourth Amendment." Beechum argues the marihuana was seized pursuant to an illegal arrest because neither the probation officers nor Officer Rubio had legal authority to arrest her. She contends the plain-view doctrine does not apply because the probation officers were not peace officers, and further argues that the record does not support the trial court's fact finding that the marihuana was in plain view.

## STANDARD OF REVIEW

We review the trial court's ruling on a motion to suppress under an abuse of discretion standard. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We scrutinize the record in the light most favorable to the trial court's ruling and we will reverse the trial court's ruling only if the ruling is outside the zone of reasonable disagreement. *Id*. The trial court is the

sole arbiter of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We afford almost total deference to the trial court's determination of historical facts, especially those based on an evaluation of the witnesses' credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). However, we review *de novo* mixed questions of law and fact that do not turn on an evaluation of credibility or disputed facts and the trial court's application of the law of search and seizure to the facts. *State v. Iduarte*, 268 S.W.3d 544, 549 (Tex. Crim. App. 2008) (mixed questions of law and fact); *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007) (application of law to the facts). We will sustain the trial court's ruling "if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *Dixon*, 206 S.W.3d at 590.

## DISCUSSION

### *Search Incident to Arrest*

Beechum initially contends the trial court erred in denying her motion to suppress the marihuana because it was obtained in a search incident to an illegal arrest. She argues the probation officers could not legally arrest her because they are not peace officers and did not observe her commit a felony or breach of the peace. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12 (West Supp. 2010) (identifying individuals who are peace officers); TEX. HUM. RES. CODE ANN. § 141.065 (West Supp. 2010) (peace officer or other person employed by law enforcement or prosecution official may not act as juvenile probation officer); TEX. CODE CRIM. PROC. ANN. art. 14.01(a) (West 2005) (person who is not a peace officer may, without warrant, arrest one who commits a felony or breach of the peace in his presence or within his view). She argues Officer Rubio could not make a warrantless arrest based solely on the word of the juvenile probation officers.

The premise of Beechum's argument — that the marihuana was obtained in a search incident to arrest — is contrary to the trial court's finding that Beechum gave the bag of marihuana to the probation officer before any detention or arrest occurred.  We hold the trial court's finding is supported by the law and the record.

"'A person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'"  *California v. Hodari D.*, 499 U.S. 621, 627-628 (1991) (quoting *U.S. v. Mendenhall*, 446 U.S. 544, 554 (1980)).  Beechum was seated in the vehicle when the probation officers first approached, and the officers did not take any action to restrict Beechum's movements.  Although Beechum testified that the probation officers appeared to have been wearing some type of uniform, even police officers may approach citizens in public areas without implicating the Fourth Amendment.  *Florida v. Bostick*, 501 U.S. 429, 434-35 (1991) (stating that "even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual," "ask to examine the individual's identification," and "request consent to search his or her luggage" "as long as the police do not convey a message that compliance with their requests is required").  The probation officer saw the marihuana as soon as he approached the car.  According to Officer Rubio, the probation officer simply "asked [Beechum] about the marijuana and he told me that she just – handed it to him."  This was the first interaction between the probation officer and Beechum.  Viewing the record in the light most favorable to the trial court's ruling, we hold Beechum had not been detained when she gave the marihuana to the probation officer.  Accordingly, the marihuana was not obtained as a result of an illegal arrest.

### *Plain-View Doctrine*

Beechum next contends the seizure of the marihuana cannot be supported by the plain-view doctrine. We disagree.

The Fourth Amendment is implicated when property is seized by government agents, even though the agents are not peace officers. "Although the Fourth Amendment does not apply to a search or seizure, even an arbitrary one, effected by a private party on his own initiative, the Amendment protects against such intrusions if the private party acted as an instrument or agent of the Government." *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 614 (1989); *see also O'Connor v. Ortega*, 480 U.S. 709, 715 (1987) (holding "[s]earches and seizures by government employers or supervisors of the private property of their employees . . . are subject to the restraints of the Fourth Amendment"); *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985) (holding that search of student by school authorities must comport with the Fourth Amendment).

The plain-view doctrine is an exception to the warrant requirement of the Fourth Amendment. *Horton v. California*, 496 U.S. 128, 133 (1990). In general terms, the doctrine permits the warrantless seizure of evidence or contraband if the police officer is justified in being at the location where the evidence is observed, the contraband or evidence is in plain view, and its nature as contraband or evidence is immediately apparent. *See id.* at 136; *State v. Dobbs*, 323 S.W.3d 184, 187 (Tex. Crim. App. 2010). As long as the officer has not violated the Fourth Amendment to be in the physical position to view the evidence, "neither its observation nor its seizure would involve any invasion of privacy." *Horton*, 496 U.S. at 133. Beechum asserts the probation officers could not seize the marihuana pursuant to the plain-view doctrine because they are not peace officers. However, she does not cite any authority or provide any argument as to why the probation officers' seizure of the marihuana, which was required to be reasonable under

the Fourth Amendment, was not subject to the plain-view exception to the Fourth Amendment. We hold that the plain-view doctrine is properly considered in an analysis of whether a government agent's search and seizure was reasonable under the Fourth Amendment. We therefore review the trial court's ruling that the probation officers lawfully seized the marihuana pursuant to the plain-view doctrine.

Officer Rubio testified the probation officers approached the car after seeing smoke coming from the interior and smelling the odor of marihuana. The car was parked on a public street. No Fourth Amendment right was implicated by the probation officers walking up to the car and speaking to Beechum. *See Bostick*, 501 U.S. at 434-35. He also testified the probation officers saw, in plain view, a bag of marihuana in Beechum's hand. Beechum contends the record does not support the trial court's finding that the marihuana was in the officers' plain view because she testified she had the marihuana hidden between her legs. However, Officer Rubio's testimony clearly supports the trial court's finding, and as the sole arbiter of the credibility of the witnesses, the court was free to believe Officer Rubio's testimony and to discredit Beechum's. *See Ross*, 32 S.W.3d at 855. We hold the trial court did not err in denying the motion to suppress the marihuana because it was in plain view of the government agents who were in a place they had a right to be and the nature of the contraband was immediately apparent. *See Horton*, 496 U.S. at 136.[2]

---

[2]The record also supports the trial court's implied finding that the seizure of the marihuana was consensual. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) ("It is . . . well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent.").

## CONCLUSION

The trial court did not abuse its discretion in denying Beechum's motion to suppress, and the judgment of the trial court is affirmed.


Steven C. Hilbig, Justice


Publish